# <u>EXHIBIT 1</u>

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 Hon. Marianne O. Battani |
| In re: Anti-Vibrational Rubber Parts In re: Automotive Constant Velocity Joint Boot Products | Case No. 2:13-cv-00802 Case No. 2:14-cv-02902 |
| THIS RELATES TO: Automobile Dealership Actions | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 14th day of September 2017 ("Execution Date") by and between Toyo Tire & Rubber Co., Ltd., Toyo Tire North America Manufacturing Inc., Toyo Tire North America OE Sales LLC, and Toyo Automotive Parts (USA), Inc. (collectively, "Toyo"), and Automobile Dealership Plaintiff Class Representatives ("Automobile Dealership Plaintiffs"), both individually and on behalf of classes of indirect purchasers of Anti-Vibrational Rubber Parts and Automotive Constant-Velocity-Joint Boot Products (the "Settlement Classes"), as more particularly defined in Paragraph 13 below.

WHEREAS, Automobile Dealership Plaintiffs are prosecuting the above *In Re Automotive Parts Antitrust Litigation*, Master File No.: 12-md-02311 (E.D. Mich.) (the "MDL Litigation") and Case Nos.: 2:13-cv-00802 (the "Anti- Vibrational Rubber Parts Action" or "AVRP Action") and 2:14-cv-02902 (the "Automotive Constant-Velocity-Joint Boot Products Action") (together, the "Actions") on their own behalf and on behalf of the Settlement Classes;

WHEREAS, Automobile Dealership Plaintiffs allege that they were injured as a result of Toyo's participation in an unlawful conspiracy to raise, fix, maintain, and/or stabilize prices, rig bids, and allocate markets and customers for (1) Anti-Vibrational Rubber Parts (as defined below) in violation of Section 1 of the Sherman Antitrust Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in Automobile Dealership Plaintiffs' Consolidated and Amended Class Action Complaint (Case No. 2:13-cv-00802, Doc. No. 28) ("Anti-Vibrational Rubber Parts Complaint"), and (2) Automotive Constant-Velocity-Joint Boot Products (as defined below) in violation of Section 1 of the Sherman Antitrust Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in Automobile Dealership Plaintiffs' Consolidated Amended Class Action Complaint (Case No. 2:14-cv-02902, Doc. No. 6) ("Automotive Constant-Velocity-Joint Boot Products Complaint") (together, "Complaints");

WHEREAS, Toyo denies Automobile Dealership Plaintiffs' allegations and has asserted defenses to Automobile Dealership Plaintiffs' claims in the Actions;

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for Toyo and this Agreement has been reached as a result of those negotiations;

WHEREAS, Automobile Dealership Plaintiffs, through Settlement Class Counsel, have conducted an investigation into the facts and the law regarding the Actions and have concluded that resolving the claims against Toyo, according to the terms set forth below, is in the best interests of Automobile Dealership Plaintiffs and the Settlement Classes because of the payment of the Settlement Amount and the value of the Injunctive Relief and Cooperation

(as those terms are defined below) that Toyo has agreed to provide pursuant to this Agreement;

WHEREAS, Toyo, despite its belief that it is not liable for the claims asserted and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Toyo with respect to Anti-Vibrational Rubber Parts and Automotive Constant-Velocity-Joint Boot Products ("Relevant Parts") based on the allegations in the Actions, as more particularly set out below.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Actions be settled, compromised, and dismissed on the merits with prejudice as to the Releasees and except as hereinafter provided, without costs as to Automobile Dealership Plaintiffs, the Settlement Classes, or Toyo, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1.    "Automobile Dealership" or "Dealer" means a franchised entity or person authorized to engage in the business of selling and/or leasing Vehicles at retail in the United States.

2.    "Automobile Dealership Plaintiff Class Representatives" means those Settlement Class Members, as defined in Paragraph 15 below, who are named plaintiffs in the Complaints.

3.    "Cooperation" shall refer to those provisions set forth below in Paragraphs 35-53.

3

4.      "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by Toyo consistent with the terms of this Agreement.

5.      "Defendant" means any party named as a defendant in the Actions at any time up to and including the date when the Court has entered a final order certifying the Settlement Classes described in Paragraph 13 and approving this Agreement under Federal Rule of Civil Procedure Rule 23(e).

6.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

7.      "Indirect Purchaser States" means Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

8.      "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by Settlement Class Members to be excluded from the Settlement Classes.

9.      "Released Claims" means the Claims described in Paragraphs 24 and 25.

10.      "Releasees" shall refer to (i) Toyo, (ii) all of Toyo's past and present direct and indirect, parents, subsidiary companies and affiliates, including their respective predecessors, successors and assigns, and (iii) each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives,

4

insurers, attorneys, heirs, executors, administrators, and assigns of each of the persons and entities listed in (i) and (ii). "Releasees" does not include any defendant in the MDL Litigation other than Toyo and its related entities and individuals as defined in this paragraph.

11.    "Releasors" shall refer to Automobile Dealership Plaintiff Class Representatives and the members of the Settlement Classes, as defined in Paragraph 13 below, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

12.    For purposes of this Agreement, the "Relevant Parts" are defined to include each of the following: (a) "Anti-Vibrational Rubber Parts" or "AVRP" shall have the meaning set forth in the Anti-Vibrational Rubber Parts Complaint; and (b) "Automotive Constant-Velocity-Joint Boot Products" or "CVJ Boots" shall have the meaning set forth in the Automotive Constant-Velocity-Joint Boot Products Complaint.

13.    For purposes of this Agreement, the "Settlement Classes" are defined to include each of the following classes:

(a)    "Anti-Vibrational Rubber Parts Settlement Class" is defined as:

All Automobile Dealerships that, during the period from and including March 1, 1996 through the Execution Date, (a) indirectly purchased Anti-Vibrational Rubber Parts manufactured by the Defendants or any current or former subsidiary or affiliate thereof or any co-conspirator, or (b) purchased Vehicles for resale that contained Anti-Vibration Rubber Parts manufactured by the Defendants or any current or former subsidiary, affiliate thereof or co-conspirator. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, and co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their

subdivisions, agencies and instrumentalities, and persons who purchased Anti-Vibrational Rubber Parts directly or for resale.

(b)     "Automotive Constant-Velocity-Joint Boot Products Class" is defined as:

All Automobile Dealerships that, during the period from and including January 1, 2006 through the Execution Date, (a) indirectly purchased Automotive Constant-Velocity-Joint Boot Products manufactured by the Defendants or any current or former subsidiary or affiliate thereof or any co-conspirator, or (b) purchased Vehicles for resale that contained Automotive Constant-Velocity-Joint Boot Products manufactured by the Defendants or any current or former subsidiary, affiliate thereof or co-conspirator.  Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, and co-conspirators, federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, and persons who purchased Automotive Constant-Velocity-Joint Boot Products directly or for resale.

14.     "Settlement Class Counsel" shall refer to the law firms of:

BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square
Lexington, MS 39095

CUNEO GILBERT & LaDUCA, LLP
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016

LARSON KING, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101

15.     "Settlement Class Member" means each member of the Settlement Classes who has not timely elected to be excluded from the Settlement Classes.

16.     "Settlement Amount" shall be $11,400,000.00, and the "Settlement Fund" shall be the Settlement Amount plus any income or accrued interest earned on that amount as set forth in Paragraph 27.

6

(a)     For the Anti-Vibrational Rubber Parts Settlement Class, $10,845,255.47 plus accrued interest on said deposits set forth in Paragraph 27.

(b)     For the Automotive Constant-Velocity-Joint Boot Products Class, $554,744.53 plus accrued interest on said deposits set forth in Paragraph 27.

17.     "Vehicles" shall refer to new four-wheeled passenger automobiles, vans, sports utility vehicles, and crossover or pick-up trucks.

B.     <u>Approval of this Agreement and Dismissal of Claims Against Toyo.</u>

18.     Automobile Dealership Plaintiffs and Toyo shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete, and final dismissal with prejudice of the Actions as to the Releasees only.

19.     Within thirty (30) days after the execution of this Agreement, Automobile Dealership Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion"). The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed form of order and final judgment that shall include at least the terms set forth in Paragraph 21 below.  The text of the proposed orders shall be agreed upon by Automobile Dealership Plaintiffs and Toyo before submission of the Preliminary Approval Motion.

20.     Automobile Dealership Plaintiffs, at a time to be decided in their sole discretion, shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Settlement Class Members identified by Automobile Dealership Plaintiffs (the "Notice Motion").  To mitigate the costs of notice, Automobile Dealership Plaintiffs shall endeavor, if practicable, to disseminate notice of this

7

settlement with notice of any other settlements reached in the MDL Litigation. The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.

21. Automobile Dealership Plaintiffs shall seek, and Toyo shall not object unreasonably to, the entry of an order and final judgment in the Actions, the text of which Automobile Dealership Plaintiffs and Toyo shall agree upon. The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions:

(a) certifying the Settlement Classes described in Paragraph 13, pursuant to Rule 23, solely for purposes of this settlement as the Settlement Classes for the Actions;

(b) as to the Actions, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 and directing its consummation according to its terms;

(c) directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims;

(d) as to Toyo, directing that the Actions be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(e) reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration and consummation of this settlement, to the United States District Court for the Eastern District of Michigan;

(f) determining under Rule 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Actions as to Toyo shall be final; and

(g) providing that (i) the Court's certification of the Settlement Classes is without prejudice to, or waiver of, the rights of any Defendant, including Toyo, to contest certification of any other class proposed in the MDL Litigation; (ii) the Court's findings in the

Order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Classes as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

22.     This Agreement shall become final when (i) the Court has entered a final order certifying the Settlement Classes described in Paragraph 13 and approving this Agreement under Rule 23(e) and has entered a final judgment dismissing the Actions with prejudice as to Toyo and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Toyo described in (i) above has expired or, if appealed, approval of this Agreement and the final judgment in the Actions as to Toyo has been affirmed in its entirety by the Court of last resort to which such appeal has been taken, and such affirmance has become no longer subject to further appeal or review, and no other motion or pleading is pending in any court.  It is agreed that the provisions of Rule 60 shall not be taken into account in determining the above-stated times.   On the date that Automobile Dealership Plaintiffs and Toyo have executed this Agreement, Automobile Dealership Plaintiffs and Toyo shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 27(h) or 54 of this Agreement.

23.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents, or discussions associated with them (including Cooperation Materials produced pursuant to Paragraphs 35-53), shall be deemed or construed to be an admission by Toyo, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Toyo, or of the truth of any of the claims or

allegations contained in any complaint or any other pleading filed in the MDL Litigation (or otherwise), and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation, or any other arbitration, action or proceeding whatsoever, against Toyo. Nothing in this paragraph shall prevent Automobile Dealership Plaintiffs from using and/or introducing into evidence Cooperation Materials produced pursuant to Paragraphs 35-53, subject to the limitations in those paragraphs, against any other defendants in the MDL Litigation, or to develop and promulgate a plan of allocation and distribution. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by Toyo, shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C.    Release, Discharge, and Covenant Not to Sue.

24.    In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 22 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 16 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or

10

contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to (i) any conduct alleged in the Complaints, and (ii) any act or omission of the Releasees (or any of them) concerning Relevant Parts, including but not limited to any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaint filed in the Actions (the "Released Claims"), provided however, that nothing herein shall release: (1) any claims made by direct purchasers of Relevant Parts; (2) any claims made by end-payors that are indirect purchasers of Relevant Parts; (3) any claims made by truck and equipment dealerships that are indirect purchasers of Relevant Parts; (4) any claims made by any state, state agency, or instrumentality or political subdivision of a state as to government purchases and/or penalties; (5) claims involving any negligence, personal injury, breach of contract, bailment, failure to deliver lost goods, damaged or delayed goods, product defect, securities or similar claim relating to Relevant Parts; (6) claims concerning any automotive part other than Relevant Parts; (7) claims under laws other than those of the United States relating to purchases of Relevant Parts made by any Releasor outside of the United States; and (8) claims for damages under the state or local laws of any jurisdiction other than an Indirect Purchaser State.  Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee as to, in whole or in part, any of the Released Claims unless this Agreement is, for any reason, not finally approved or terminated.

25.     In addition to the provisions of Paragraph 24 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, as set out in Paragraph 22 of this Agreement, any and all provisions, rights, and benefits, as to their claims concerning Relevant Parts conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO

> CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR
> SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME
> OF EXECUTING THE RELEASE, WHICH IF KNOWN BY
> HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR;

or by any equivalent law or statute of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.  Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 24 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that Toyo and Automobile Dealership Plaintiffs have agreed to release pursuant to Paragraph 24, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

D.    Settlement Amount.

26.    Subject to the provisions hereof, and in full, complete and final settlement of the Actions as provided herein, Toyo, shall pay or cause to be paid the Settlement Amount.  The Settlement Amount shall be paid in U.S. dollars into an escrow account to be administered in accordance with the provisions of Paragraph 27 of this Agreement (the "Escrow Account") within thirty (30) days following entry of an order preliminarily approving this Agreement.

27.    Escrow Account.

(a)    The Escrow Account will be established at Huntington National Bank with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions regarding investment types and reinvestment of income and proceeds mutually acceptable to Settlement

Class Counsel and Toyo, such escrow to be administered by the Escrow Agent under the Court's continuing supervision and control.

(b)     The Escrow Agent shall cause the funds deposited in the Escrow Accounts to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.  Toyo shall bear no risk related to the management and investment of the Settlement Fund.

(c)     All funds held in the Escrow Accounts shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     Automobile Dealership Plaintiffs and Toyo agree to treat the Settlement Fund as being at all times qualified settlement funds within the meaning of Treas. Reg. § 1.468B-1.  In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 27 including the relation-back election (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.  All provisions of this Agreement shall be interpreted in a manner that

is consistent with the Settlement Amount being a "Qualified Settlement Funds" within the meaning of Treasury Regulation § 1.468B-1.

(e)     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator of the Settlement Fund shall be Settlement Class Counsel.  Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)).  Such returns (as well as the election described in Paragraph 27(d)) shall be consistent with Paragraph 27(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 27(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Toyo or any other Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement funds for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 27(d) through 27(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 27(e) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither Toyo nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement

14

Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)).   Toyo shall not be responsible or have any liability therefor.   Automobile Dealership Plaintiffs and Toyo agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 27(d) through 27(f).

(h)   If this Agreement does not receive final Court approval, including final approval of the Settlement Classes as defined in Paragraph 13, or if the Actions are not certified as class actions for settlement purposes, then all amounts paid by Toyo into the Settlement Fund (other than costs expended or incurred in accordance with Paragraphs 27 and 30, shall be returned to Toyo from the Escrow Accounts by the Escrow Agent, along with any interest accrued thereon, within thirty (30) calendar days of the Court's final determination denying final approval of the Agreement and/or Settlement Classes.

28.   Injunctive Relief.

Subject to the provisions hereof, and in full, complete, and final settlement of the Actions as provided herein, Toyo further agrees that it will not engage in conduct that constitutes a *per se* violation of Section 1 of the Sherman Act (whether characterized as price fixing, market allocation, bid rigging, or otherwise) with respect to the sale of Relevant Parts for a period of twenty-four (24) months from the date of the entry of final judgment.

29. Exclusions from the Settlement Class.

Subject to Court approval, any person or entity seeking exclusion from the Settlement Classes must timely file a written request for exclusion by the Opt-Out Deadline. Any person or entity that files such a request shall be excluded from the Settlement Classes and shall have no rights with respect to this settlement. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable class notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed Settlement Class Member(s) and shall be bound by the Settlement Agreement upon final approval. Settlement Class Counsel shall, within ten (10) business days after the Opt-Out Deadline, provide Toyo with a list and copies of all opt out requests it receives in the Actions and shall file with the Court a list of all members of the Settlement Classes who timely and validly opted out of the Settlement Classes.

(a) Subject to Court approval, any member of the Settlement Classes who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement. Toyo reserves all of its legal rights and defenses, including but not limited to any defenses with respect to any claims asserted against it by excluded members of the Settlement Classes relating to whether any excluded member of the Settlement Classes is an indirect purchaser of Relevant Parts or has standing to bring any claim against Toyo.

(b) Subject to Court Approval, in the written request for exclusion, the member of the Settlement Classes must state his, her, or its full name, street address, and telephone number. Further, the member of the Settlement Classes must include a statement in the written request for exclusion that he, she, or it wishes to be excluded from the settlement. Any

16

member of the Settlement Classes that submits a written request for exclusion may also identify the number of Vehicles purchased from March 1, 1996 through the Execution Date of this Agreement as requested in the notice to the Settlement Classes as provided in Paragraph 20.

(c)     Toyo or Settlement Class Counsel may dispute an exclusion request, and the parties shall, if possible, resolve the disputed exclusion request by agreement and shall inform the Court of their position, and, if necessary, obtain a ruling thereon within thirty (30) days of the Opt-Out Deadline.

(d)     With respect to the Settlement Classes, within twenty (20) business days following the Opt-Out Deadline in accordance with the terms of this Paragraph 29, or as soon thereafter as practicable, the parties shall determine the total number of automobile dealership locations in the Indirect Purchaser States, during the relevant time period for each Settlement Class defined in Paragraph 13, that purchased Vehicles containing Released Parts (defined as the Total Number of Damages Class Members for each Settlement Class for purposes of calculating the Total Opt-Out Percentage defined below). The parties shall determine the Total Number of Damages Class Members with respect to each Settlement Class based upon reasonably available public information, and each dealership location shall be counted as a separate Settlement Class Member for the purposes of this calculation. In the event the parties mutually agree that non-public information is required to determine the Total Number of Damages Class Members for each Settlement Class, the parties shall identify an appropriate source of the necessary information and any costs or expenses associated with securing such information shall be paid pursuant to Paragraph 30 below. Within ten (10) business days following the determination of the Total Number of Damages Class Members for each Settlement Class, the parties shall calculate the percentage of the Total Number of Damages Class Members for each Settlement

17

Class and the Total Number of Damages Class Members for each Settlement Class that have validly and timely requested to be excluded from the Settlement Class ("Total Opt-Out Percentage"), provided that Toyo shall have the sole option to waive the calculation and, by doing so, waive their rights under this Paragraph. The Total Opt-Out Percentage is a fraction, the numerator of which is the Total Number of Damages Class Members for each Settlement Class that have validly and timely requested to be excluded from the Settlement Class, and the denominator of which is the Total Number of Damages Class Members for each Settlement Class. If the parties are unable to agree on the Total Opt-Out Percentage for either Settlement Class, the Automobile Dealership Plaintiffs and Toyo agree to submit their respective calculations of the Total Opt-Out Percentage for each Settlement Class to the Court for decision as to which of the competing calculations is most reasonable. Should the Total Opt-Out Percentage for either Settlement Class be more than ten percent (10%) (the "Opt-Out Discount Threshold"), Toyo shall be paid out of the Settlement Fund for that Settlement Class an amount equal to the Settlement Fund multiplied by the difference between ten percent (10%) and the Total Opt-Out Percentage within ten (10) business days of the parties' agreement or the Court's determination of the Total Opt-Out Percentage calculation for each Settlement Class. As an example, for the avoidance of doubt, if the Total Opt-Out Percentage for the Anti-Vibrational Rubber Parts Settlement Class were twenty-five percent (25%), Toyo would be paid fifteen percent (15%) of the Settlement Fund allocated to the Anti-Vibrational Rubber Parts Settlement Class.  In the event that, at any point prior to the time when this Settlement Agreement becomes final pursuant to Paragraph 22, Settlement Class Counsel enter into a settlement agreement with a defendant in any action in the MDL Litigation on behalf of a putative class of automobile dealer plaintiffs containing an Opt-Out Discount Threshold (whether identified as such or not)

below ten percent (10%), the lowest Opt-Out Discount Threshold to which Settlement Class Counsel have so agreed shall be applied herein to the calculation of any refund of the Settlement Fund to which Toyo is entitled.

30.    Payment of Expenses.

(a)    Toyo agrees to permit a reasonable portion of the Settlement Fund to be used towards notice to the Settlement Classes and the costs of administration of the Settlement Fund.  The notice and administration expenses are not recoverable if this settlement does not become final or is terminated to the extent such funds have actually been expended or incurred for notice and administration costs.  Other than as set forth in Paragraphs 27 and 30, Toyo shall not be liable for any of the costs or expenses of the litigation of the Actions, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or Special Master, appeals, trials or the negotiation of other settlements, or for class administration and costs.

(b)    To mitigate the costs of notice and administration, Automobile Dealership Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with other defendants in the MDL Litigation and to apportion the costs of notice and administration on a pro rata basis across the applicable settlements.

E.    The Settlement Fund.

31.    Releasors shall look solely to the Settlement Fund for settlement and satisfaction of financial obligations against the Releasees and shall have no other financial recovery against Toyo or any other Releasees for any Released Claims and claims to be waived and released pursuant to Paragraph 24.

32.    After this Agreement becomes final within the meaning of Paragraph 22, the Settlement Fund shall be distributed in accordance with a plan to be submitted to the Court at the

appropriate time by Settlement Class Counsel, subject to approval by the Court. In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraph 27 and Paragraph 30 of this Agreement.

33.     Automobile Dealership Plaintiffs and Settlement Class Counsel shall be reimbursed solely out of the Settlement Fund for all expenses and costs, as provided by Court Order. Toyo and the other Releasees shall not be liable for any costs, fees, or expenses of any of Automobile Dealership Plaintiffs or the Settlement Classes' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

34.     Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

(a)     Settlement Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Actions and incentive awards, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid), as may be awarded by the Court (the "Fee and Expense Award"). Settlement Class Counsel reserves the right to make additional applications for Court approval of fees and expenses incurred and reasonable incentive awards, but in no event shall Toyo or any other Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

(b)     Subject to Court approval, Automobile Dealership Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated pursuant to Paragraph 27(h) or Paragraph 54.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs, and expenses, and incentive awards for class representatives to be paid out of the Settlement Fund is not part of this Agreement, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect the finality of the final approval of the settlement.

(d)     Neither Toyo nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Settlement Class Counsel and/or Automobile Dealership Plaintiffs of any Fee and Expense Award in the Actions.

(e)     Neither Toyo nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel, Automobile Dealership Plaintiffs and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Actions.

F.     Cooperation.

35.     In return for the release and discharge provided herein, Toyo agrees to pay the Settlement Amount and be bound by the Injunctive Relief described in Paragraph 28, and further agrees to use its best efforts to provide satisfactory and timely Cooperation, as set forth specifically in Paragraphs 36-53 below, until the later of (a) entry of the final judgment or judgments with respect to all of the remaining Defendants in the Actions, or (b) dismissal with prejudice of those Defendants, and when such judgments or dismissals become final.  For purposes of this paragraph, "final" shall have the meaning set forth in Paragraph 22. Cooperation will take place consistent with the timing set forth specifically below, and in a manner that is in compliance with Toyo's obligations to Government Entities (defined as the United States Department of Justice ("DOJ"), the Japanese Fair Trade Commission ("JFTC"), the European Commission ("EU"), or any other government entity).  Automobile Dealership Plaintiffs shall use their best efforts to coordinate Cooperation with End-Payor Plaintiffs in the actions captioned Master File No. 12-md-02311, Case No. 2:13-cv-00803, and Case No. 2:14-cv-02903, so as to avoid all unnecessary duplication and expense on Toyo.  Toyo shall not be required to provide Documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, any applicable privilege under foreign law, or whose disclosure is prohibited by court order or any foreign or domestic law.  No Document shall be withheld under claim of privilege if produced or made available to any

Government Entities.  Upon reasonable request, for all Documents withheld from production, Toyo shall provide a privilege log describing such Documents in sufficient detail as to explain the nature of the privilege asserted or the basis of any other law or rule protecting such Documents.

36.     Any Cooperation Materials provided by Toyo are governed by the Protective Orders entered in or governing the Actions, Stipulation and Protective Order Governing the Production and Exchange of Confidential Information, *Anti-Vibrational Rubber Parts*, No. 2:13-cv-00802 (E.D. Mich. Aug. 8, 2016), ECF No. 144 and Stipulation and Protective Order Governing the Production and Exchange of Confidential Information, *Wire Harness Systems*, No. 12-md-02311 (E.D. Mich. Jul. 10, 2012), ECF No. 200, including the limitation contained in the Protective Orders on the uses to which information may be put and the persons to whom disclosure may be made, and may be designated "Confidential" or "Highly Confidential" as provided in the Protective Orders.

37.     *Identity of Individuals*.  Within five (5) business days of execution of this Agreement, counsel for Toyo shall provide Settlement Class Counsel with the identity of all current and former employees, directors and officers of Toyo who: (1) were interviewed and/or prosecuted by any Government Entity in connection with alleged price-fixing, bid rigging and market allocation of Relevant Parts; (2) appeared before the grand jury in the DOJ's investigation into alleged antitrust violations with respect to Relevant Parts; and/or (3) were disclosed to the DOJ as having knowledge or information relating to the DOJ's investigation into alleged antitrust violations with respect to Relevant Parts.

38.     In addition, after conducting a reasonable search, Toyo shall within sixty (60) days of preliminary approval of this Agreement by the Court, to the best of its knowledge,

identify:  (i) those Vehicles sold in the United States from March 1, 1996 through the Execution Date of this Agreement that contain AVRP manufactured or sold by Toyo; and (ii) those Vehicles sold in the United States from  January 1, 2006 through the Execution Date of this Agreement that contain CVJ Boots manufactured or sold by Toyo.

39.     *DOJ Documents*.  To the extent not already produced, Toyo shall produce to Settlement Class Counsel non-privileged Documents, including any translations, provided to or seized by the DOJ in connection with its investigations into potential violations of competition laws with respect to the Relevant Parts no later than forty-five (45) days after the Execution Date.

40.     In the event Toyo has produced or subsequently produces Documents, including translations, or provides declarations or written responses to discovery to any party or non-party in the MDL Litigation, concerning or relating to the Relevant Parts (a "Relevant Production"), Toyo shall produce all such Documents, declarations, or written discovery responses to Settlement Class Counsel contemporaneously with making the Relevant Production to the extent such Documents, declarations, or written discovery responses have not previously been produced by Toyo to Settlement Class Counsel.  In addition, Toyo shall provide Automobile Dealership Plaintiffs with all cooperation it provides pursuant to any settlement agreement with any other party in this MDL Litigation, including but not limited to, the Direct Purchaser Plaintiffs.  To the extent that such cooperation includes any attorney proffer, witness interviews, or depositions of witnesses in addition to those already provided for in Paragraphs 45 and 49 below, Settlement Class Counsel shall be permitted to attend and/or participate in such attorney proffer, witness interviews or depositions, and shall be entitled to ask questions for a period of up to three (3) hours at any interview or deposition (provided that this shall not expand the time permitted for

any deposition).  All such additional Cooperation shall be coordinated, to the extent reasonably practicable, between Settlement Class Counsel, settlement class counsel for the End-Payor Plaintiffs in the actions captioned Master File No. 12-md-02311, Case No. 2:13-cv-00803, and Case No. 2:14-cv-02903 ("End-Payor Settlement Class Counsel"), and settlement class counsel for the Direct Purchaser Plaintiffs, or such other party in the MDL Litigation to whom such cooperation is provided pursuant to a settlement agreement. Automobile Dealership Plaintiffs' receipt of or participation in cooperation provided by Toyo to other parties or non-parties shall not in any way limit Automobile Dealership Plaintiffs' entitlement to receive Cooperation as set forth in this Section F, including but not limited to, attorney proffers, witness interviews, and depositions.

41.    This Agreement does not restrict Settlement Class Counsel from noticing, attending and/or participating in any deposition in the MDL Litigation.   Settlement Class Counsel may cross-notice, attend and/or participate in any depositions of Toyo's witnesses in addition to the depositions set forth in Paragraphs 45 and 49, and Settlement Class Counsel together with End-Payor Settlement Class Counsel may ask questions for a combined total of three (3) hours at such deposition, provided that the time for participation of Settlement Class Counsel and End-Payor Settlement Class Counsel shall not expand the time permitted for the deposition as may be provided by the Court, and Settlement Class Counsel will not ask the Court to enlarge the time of any deposition noticed of an Toyo current or former employee. Participation by Settlement Class Counsel in the depositions discussed in this paragraph will not limit the number of depositions to be provided under Paragraphs 45 and 49 below.  Automobile Dealership Plaintiffs and Settlement Class Counsel agree to use their best efforts to ensure that any depositions taken under Paragraphs 45 and 49 below are coordinated with any other

25

deposition noticed in the MDL Litigation to avoid unnecessary duplication. In the event Automobile Dealership Plaintiffs have settled with all Defendants in one or more of the Actions ("Settled Action"), Automobile Dealership Plaintiffs will forego participating in depositions of Toyo witnesses scheduled by other plaintiff groups in the Settled Action ("Preserved Deposition") provided that if: (1) this Agreement does not receive Final Approval, or (2) any other settlement in the Settled Action does not receive final approval, then Automobile Dealership Plaintiffs may, at a later date, take the deposition of any Toyo witnesses who were the subject of a Preserved Deposition subject to the limitations of this Paragraph. Nothing herein shall alter, limit or otherwise affect rights of Automobile Dealership Plaintiffs to take depositions of Toyo employees subject to Paragraphs 45 and 49 of this Agreement, and nothing herein shall alter, limit or otherwise affect Toyo's rights with regard to any depositions noticed pursuant to any authority other than Paragraphs 45 and 49 of this Agreement and Toyo does not waive any objections hereto.

42. _Further Cooperation as to CVJ Boots_. With respect to CVJ Boots, Toyo shall provide the following additional cooperation set forth in Paragraphs 43-45 below.

43. _Transactional Data_. Toyo will use its best efforts to complete the production of transactional data no later than forty-five (45) days after preliminary approval by the Court of the Agreement concerning Toyo's sales of CVJ Boots sold to Original Equipment Manufacturers, or other purchasers of CVJ Boots from January 1, 2004 through the Execution Date. Toyo will only produce the data that exists as of the Execution Date of this Agreement and will not be obligated to perform any analyses of the data for Settlement Class Counsel. In addition, Toyo will provide, in response to a written request from Settlement Class Counsel, a single production of electronic transactional data generated during the two years after the Execution Date of this

Agreement concerning CVJ Boots as it exists in Toyo's electronic databases at the time of the request, within sixty (60) days of the receipt of such request. Toyo shall have no ongoing obligation to produce such data as it is generated.  Toyo shall preserve such transactional data until two (2) years after the Execution Date of this Agreement.  Toyo will produce transactional data only from existing electronic transaction databases, except that, to the extent Toyo has not recorded or maintained electronic transaction data for any period between January 1, 2004 and two (2) years from the Execution Date of this Agreement for CVJ Boots, then Toyo will use reasonable efforts to produce existing hard copy records of sales transactions not recorded or maintained electronically in the existing electronic sales transaction database.

44.   *Documents*. Toyo will use its best efforts to complete the production of the following Documents, including all English translations, to the extent they exist no later than forty-five (45) days after preliminary approval by the Court of this Agreement:  (1) Documents, including any translations, provided to or seized by Government Entities relating to their investigation into alleged competition violations with respect to CVJ Boots (excluding Documents provided to the DOJ, which shall be provided in accordance with Paragraph 39); (2) non-privileged Documents concerning CVJ Boots collected and reviewed in connection with a communication, meeting, or agreement regarding CVJ Boots, by any employee, officer, or director of Toyo with any employee, officer, or director of another manufacturer or seller of CVJ Boots, but that were not provided to or seized by Government Entities; (3) Documents sufficient to show Toyo's determination of their prices for CVJ Boots; and (4) Documents concerning any requests for quotation ("RFQ") from OEMs or post-award price adjustment, including any bids submitted in response to such RFQs, award notifications for such RFQs, and post-award price adjustments that were part of such RFQs for CVJ Boots (collectively "RFQ-related Documents")

27

that were subject to collusion. In addition, upon Automobile Dealership Plaintiffs' reasonable request, Toyo shall within sixty (60) days produce RFQ-related Documents for up to ten (10) additional RFQs specifically identified by Automobile Dealership Plaintiffs. As to additional Documents in Toyo's custody, possession or control concerning CVJ Boots that are not listed above, Toyo will consider in good faith any reasonable request by Automobile Dealership Plaintiffs to collect and produce such Documents provided the request would not impose undue burden on Toyo.

     45. *Attorney Proffers and Witness Interviews*. Additionally, Toyo shall use its best efforts to cooperate with Settlement Class Counsel as set forth in Paragraph 45 herein.

     (a) Within thirty (30) days of Settlement Class Counsel's request, following preliminary approval of the Agreement by the Court, Toyo's counsel will make themselves available at a mutually agreed location in the United States for up to three (3) meetings of one business day each to provide attorney's proffer(s) of facts known to them. Thereafter, Toyo's counsel will make themselves available for reasonable follow-up conversations in connection with the attorney's proffer(s), and will use best efforts to respond to questions posed by Settlement Class Counsel. Automobile Dealership Plaintiffs and Settlement Class Counsel will not attribute any factual information obtained from any attorney proffers to Toyo or their counsel. Information provided in the attorneys' proffer shall be governed by the Protective Order in the CVJ Boots Action, including the limitations contained in the Protective Order on the uses to which information may be put and the persons to whom disclosure may be made. Toyo further agrees to make no more than five (5) persons available for interviews and depositions, provide declarations or affidavits from the same persons, and make those persons available to testify at trial upon Settlement Class Counsel's request. The interviews and

depositions shall be conducted at a mutually agreed-upon location in the United States, and the depositions shall be limited to a total of seven (7) hours over one (1) day unless the deposition is in a language other than English, in which case the deposition shall be limited to a total of thirteen (13) hours over two (2) days.  If any such interview or deposition takes place outside of the country of the witness's residence, Settlement Class Counsel shall reimburse Toyo for such person's economy class fare and up to $450 per day for lodging and expenses actually incurred. To the extent Settlement Class Counsel coordinates any such interview or deposition with End-Payor Settlement Class Counsel, Settlement Class Counsel and End-Payor Settlement Class Counsel shall collectively reimburse Toyo for such person's economy class fare and up to $450 per day for lodging and expenses actually incurred.

(b)      In addition to its Cooperation obligations set forth herein, Toyo agrees to produce through affidavit(s), declaration(s) and/or at trial, in Settlement Class Counsel's discretion, representatives qualified to authenticate, establish as business records, or otherwise establish any other necessary foundation for admission into evidence of any Documents or transactional data produced or to be produced by Toyo. Settlement Class Counsel agree to use their best efforts to obtain stipulations that would avoid the need to call Toyo witnesses at trial for the purpose of obtaining such evidentiary foundations.

46.      *Further Cooperation as to AVRP*. With respect to the Anti-Vibrational Rubber Parts Action, in the event that:   (1) Plaintiffs name a new Defendant; or (2) the pending settlements with (a) Bridgestone Corporation and Bridgestone APM Company ("Bridgestone"), (b) Yamashita Rubber Co., Ltd. and YUSA Corp. ("Yamashita"), or (c) Sumitomo Riko Co. Ltd. and DTR Industries, Inc. ("Sumitomo Riko") do not receive final approval or are rescinded or terminated for any reason and Automobile Dealership plaintiffs resume active litigation against

Bridgestone, Yamashita, or Sumitomo Riko, Toyo shall provide the following additional cooperation set forth in Paragraphs 47-49. For purposes of this Paragraph, "final" shall have the meaning set forth in Paragraph 22.

47. *Transactional Data*. Toyo previously completed its production of transactional data relating to AVRP in response to the End-Payor Plaintiffs' requests in accordance with the Discovery Plan entered by the Court in the Anti-Vibrational Rubber Parts Action on November 4, 2016. Within forty-five (45) days after Settlement Class Counsel's request, to the extent not already completed, Toyo will use its best efforts to complete the production of transactional data concerning Toyo's sales of AVRP sold to Original Equipment Manufacturers, or other purchasers of AVRP from January 1, 2015 through the Execution Date. Toyo will only produce the data that exists as of the Execution Date of this Agreement and will not be obligated to perform any analyses of the data for Settlement Class Counsel. In addition, Toyo will provide, in response to a written request from Settlement Class Counsel, a single production of electronic transactional data generated during the two years after the Execution Date of this Agreement concerning AVRP as it exists in Toyo's electronic databases at the time of the request, within sixty (60) days of the receipt of such request. Toyo shall have no ongoing obligation to produce such data as it is generated. Toyo shall preserve such transactional data for the period from January 1, 2015 through two (2) years after the Execution Date until sixty (60) days from the date that final judgment has been entered in the AVRP Action against all defendants unless this Agreement is rescinded, disapproved, or otherwise fails to take effect. For purposes of this Paragraph, "final" shall have the meaning set forth in Paragraph 22. Toyo will produce transactional data only from existing electronic transaction databases, except that, to the extent Toyo has not recorded or maintained electronic transaction data for any period between

30

January 1, 2015 and two (2) years from the Execution Date of this Agreement, then Toyo will use reasonable efforts to produce existing hard copy records of sales transactions not recorded or maintained electronically in the existing electronic sales transaction database.

48.     *Documents*. Toyo previously completed its production of Documents relating to AVRP in response to the End Payor Plaintiffs' requests in accordance with the Discovery Plan entered by the Court in the Anti-Vibrational Rubber Parts Action on November 4, 2016.  As to additional Documents in Toyo's possession, custody, or control concerning AVRP, Toyo will consider in good faith any reasonable request by Automobile Dealership Plaintiffs to collect and produce such Documents, provided the request would not impose an undue burden on Toyo.

49.     *Attorney Proffers and Witness Interviews*.  Additionally, Toyo shall use its best efforts to cooperate with Settlement Class Counsel as set forth in Paragraph 49 herein.

(a)     Within thirty (30) days of Settlement Class Counsel's request, Toyo's counsel will make themselves available at a mutually agreed location in the United States for up to two (2) meetings of one business day each to provide attorney's proffer(s) of facts known to them.  Thereafter, Toyo's counsel will make themselves available for reasonable follow-up conversations in connection with the attorney's proffer(s), and will use best efforts to respond to questions posed by Settlement Class Counsel.  Automobile Dealership Plaintiffs and Settlement Class Counsel will not attribute any factual information obtained from any attorney proffers to Toyo or their counsel.  Information provided in the attorneys' proffer shall be governed by the Protective Order in the AVRP Action, including the limitations contained in the Protective Order on the uses to which information may be put and the persons to whom disclosure may be made. Toyo further agrees to make five (5) persons available for interviews and depositions, provide declarations or affidavits from up to ten (10) persons, and make up to ten (10) persons available

31

to testify at trial upon Settlement Class Counsel's request. The interviews and depositions shall be conducted at a mutually agreed-upon location in the United States, and the depositions shall be limited to a total of seven (7) hours over one (1) day unless the deposition is in a language other than English, in which case the deposition shall be limited to a total of thirteen (13) hours over two (2) days.  If any such interview or deposition takes place outside of the country of the witness's residence, Settlement Class Counsel shall reimburse Toyo for such person's economy class fare and up to $450 per day for lodging and expenses actually incurred. To the extent Settlement Class Counsel coordinates any such interview or deposition with End-Payor Settlement Class Counsel, Settlement Class Counsel and End-Payor Settlement Class Counsel shall collectively reimburse Toyo for such person's economy class fare and up to $450 per day for lodging and expenses actually incurred.

(b)    In addition to its Cooperation obligations set forth herein, Toyo agrees to produce through affidavit(s), declaration(s) and/or at trial, in Settlement Class Counsel's discretion, representatives qualified to authenticate, establish as business records, or otherwise establish any other necessary foundation for admission into evidence of any Documents or transactional data produced or to be produced by Toyo. Settlement Class Counsel agree to use their best efforts to obtain stipulations that would avoid the need to call Toyo witnesses at trial for the purpose of obtaining such evidentiary foundations.

50.    Toyo's obligations to provide Cooperation shall not be affected by the releases set forth in this Settlement Agreement.   Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, Toyo's obligations to provide Cooperation under this Agreement shall continue only until otherwise ordered by the Court, or until the later of (a) the entry of the final judgment or judgments with respect to all of the Defendants in the Actions or (b) dismissal

with prejudice of those Defendants and when such judgments or dismissals become final.  For purposes of this Paragraph, "final" shall have the meaning set forth in Paragraph 22.

51.     In the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Classes as defined in Paragraph 13, or in the event that it is terminated by either party under any provision herein, the parties agree that neither Automobile Dealership Plaintiffs nor Settlement Class Counsel shall be permitted to introduce into evidence against Toyo, at any hearing or trial, or in support of any motion, opposition or other pleading in the Actions or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Actions, any Documents provided by Toyo and/or the other Releasees, their counsel, or any individual made available by Toyo pursuant to Cooperation (as opposed to from any other source or pursuant to a court order).  This limitation shall not apply to any discovery of Toyo which Settlement Class Counsel participate in as part of the MDL Litigation. Notwithstanding anything contained herein, Automobile Dealership Plaintiffs and the Settlement Classes are not relinquishing any rights to pursue discovery against Toyo in the event that this Agreement fails to receive final approval by the Court, including final approval of the Settlement Classes as defined in Paragraph 13, or in the event that it is terminated by either party under any provision herein.

52.     Toyo and other Releasees need not respond to formal discovery requests from Automobile Dealership Plaintiffs or otherwise participate in the Actions during the pendency of this Agreement, with the exception of the Cooperation provisions set forth above in Paragraphs 35-53.   Other than to enforce the terms of this Agreement, neither Toyo nor Automobile Dealership Plaintiffs shall file motions against the other, in the Actions, during the pendency of this Agreement.

53.     If Settlement Class Counsel believes that Toyo or any current or former employee, officer or director of Toyo has failed to Cooperate under the terms of this Agreement, Settlement Class Counsel may seek an Order from the Court compelling such Cooperation. Nothing in this provision shall limit in any way Toyo's ability to defend the level of Cooperation it has provided or to defend its compliance with the terms of the Cooperation provisions in this Agreement.  Moreover, nothing in this Agreement shall be interpreted to state or imply that Toyo has any control over any former employees, officers, or directors.

G.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

54.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Classes in accordance with the specific Settlement Class definitions set forth in this Agreement, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgments provided for in Paragraph 22 of this Agreement, or if the Court enters the final judgments and appellate review is sought, and on such review, such final judgments are not affirmed in their entirety, then Toyo and Automobile Dealership Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety.  Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 67.  A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

55.     In the event that this Agreement does not become final as set forth in Paragraph 22, or this Agreement otherwise is terminated pursuant to Paragraph 54, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Accounts (including interest earned thereon) shall be returned forthwith to Toyo

less only disbursements made in accordance with Paragraphs 27 and 30 of this Agreement. Toyo expressly reserves all rights and defenses if this Agreement does not become final.

56.     Further, and in any event, Automobile Dealership Plaintiffs and Toyo agree that this Agreement, whether or not it shall become final, and any and all negotiations, Documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by Toyo, or the other Releasees, to be used against Toyo, or of (ii) the truth of any of the claims or allegations contained in the Complaints or any other pleading filed in the Actions, to be used against Toyo, and evidence thereof shall not be discoverable or used in any way, whether in the MDL Litigation or in any other action or proceeding, against Toyo. Nothing in this paragraph shall prevent Automobile Dealership Plaintiffs from using Cooperation Materials produced by Toyo against any other defendants in any actions in the MDL Litigation to establish (i) or (ii) above.

57.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement.

58.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 18-22 hereof, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Agreement, will be given to the Settlement Classes.

H.     Miscellaneous.

59.     Toyo, Automobile Dealership Plaintiffs, and Settlement Class Counsel agree not to disclose publicly or to any other person the terms of this Agreement until this Agreement is fully executed by all parties, except that Toyo may disclose the Agreement itself and the terms

and conditions thereof:   (i) to those employees and outside professional advisors (*e.g.*, accountants, lawyers, tax advisors, etc.) who need to be aware of this Agreement or its terms, or (ii) as required by law for the purpose of financial reporting (e.g., securities notices, filings, and/or disclosures, *etc.*)

60.   Toyo shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

61.   This Agreement does not settle or compromise any claim by Automobile Dealership Plaintiffs or any Settlement Class Member asserted in the Complaints or, if amended, any subsequent complaints, against any defendant or alleged co-conspirator other than Toyo and the other Releaseees.   All rights against such other defendants or alleged co-conspirators are specifically reserved by Automobile Dealership Plaintiffs and the Settlement Classes.   All rights of any Settlement Class Member against any and all former, current, or future defendants or co-conspirators or any other person other than Toyo and the other Releasees, for sales made by Toyo and Toyo's alleged illegal conduct are specifically reserved by Automobile Dealership Plaintiffs and Settlement Class Members.   Toyo's sales to the class and its alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Actions as a basis for damage claims and shall be part of any joint and several liability claims against other current or future defendants in the Actions or other persons or entities other than Toyo and the other Releasees. Toyo shall not be responsible for any payment to Automobile Dealership Plaintiffs other than the amount specifically agreed to in Paragraph 16 of this Agreement.

62.   The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating

to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Automobile Dealership Plaintiffs and Toyo, including challenges to the reasonableness of any party's actions. This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles. Toyo will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

63.    This Agreement constitutes the entire, complete and integrated agreement among Automobile Dealership Plaintiffs and Toyo pertaining to the settlement of the Actions against Toyo, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations and discussions, either oral or written, between Automobile Dealership Plaintiffs and Toyo in connection herewith. This Agreement may not be modified or amended except in writing executed by Automobile Dealership Plaintiffs and Toyo, and approved by the Court.

64.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Automobile Dealership Plaintiffs and Toyo. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Automobile Dealership Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors. The Releasees (other than Toyo entities which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

65.    This Agreement may be executed in counterparts by Automobile Dealership Plaintiffs and Toyo, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

66.     Neither Automobile Dealership Plaintiffs nor Toyo shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

67.     Where this Agreement requires either party to provide notice or any other communication or Document to the other, such notice shall be in writing, and such notice, communication or Document shall be provided by facsimile, or electronic mail (provided that the recipient acknowledges having received that email, with an automatic "read receipt" or similar notice constituting an acknowledgement of an email receipt for purposes of this paragraph), or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

68.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement subject to Court approval.

*[signature pages follow]*

Dated: September 14, 2017

*[signature]* Jon Cuneo w/consent SMR

Jonathan W. Cuneo
Joel Davidow
Jennifer E. Kelly
Yifei Li
**CUNEO GILBERT & LaDUCA, LLP**
Suite 200
4725 Wisconsin Avenue, NW
Washington, DC 20016
Telephone: (202) 789-3960

*[signature]*

Shawn M. Raiter
**LARSON KING, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
Telephone: (651) 312-6500

*Interim Co-Lead Class Counsel and Settlement Class Counsel for Automobile Dealership Plaintiffs*

39

# EXHIBIT 1

Dated: September 14, 2017

David C. Giardina
Courtney A. Hoffmann
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
dgiardina@sidley.com
choffmann@sidley.com

Bradley J. Schram
**HERTZ SCHRAM PC**
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
Telephone: (248) 335-5000
Facsimile: (248) 335-3346
bschram@hertzschram.com

*Attorneys for Defendants Toyo Tire & Rubber
Co., Ltd., Toyo Tire North America Manufacturing
Inc., Toyo Automotive Parts (USA), Inc., and
Toyo Tire North America OE Sales LLC*